UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FANCI S. GENTRY,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:25-cv-01411-SCR

MEMORANDUM OPINION AND ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34 (the "Act"). The parties have consented to the jurisdiction of a Magistrate Judge for all further proceedings, including the entry of final judgment. ECF No. 8. For the reasons that follow, the Court will DENY Plaintiff's motion for summary judgment and GRANT the Commissioner's cross-motion for summary judgment.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB in December 2021, alleging disability beginning on September 4, 2020. Administrative Record ("AR") 172-75.[1] Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and a hearing. Administrative law judge ("ALJ")

[1] The AR is electronically filed at ECF No. 9. When referencing the AR, page references are to the number in the lower right corner of the page, not the CM/ECF generated header. References to briefs are to the page number generated on the CM/ECF header.

David Blume held that hearing on March 5, 2024. AR 40-53.

On July 2, 2024, the ALJ found Plaintiff was not under a disability from September 4, 2020, through the date of the decision. AR 21-39. On April 8, 2025, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision).

Plaintiff filed this action on May 19, 2025. ECF No. 1. The parties filed cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner. ECF Nos. 11 & 13. Plaintiff filed a reply brief. ECF No. 14.

## II. FACTUAL BACKGROUND

Plaintiff was 44 years old at the time of her hearing. AR 43. Plaintiff testified that she completed high school and a "couple years" of college. AR 43. She testified that she stopped working for health reasons in 2020, "both physical and mental." AR 45. Plaintiff has previously worked as a "registered veterinary technician" and as an instructor in a veterinary technology department. AR 43-44.

Plaintiff testified she had "some problems using [her] arms and hands" and that she had pain in her right arm and hand and difficulty gripping.[2] AR 46. Plaintiff testified to having fear and anxiety from a past domestic violence situation. AR 47. She testified her "memory is terrible" and her "concentration is terrible." AR 48. Plaintiff testified to taking medication as needed for anxiety. AR 48. Plaintiff testified that she would unlikely be able to function throughout the workday due to her anxiety and PTSD. AR 49. She stated she would likely often be tardy or absent. AR 49.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---

[2] The ALJ concluded that Plaintiff had no medically determinable impairment as to her right hand and wrist, and no severe physical impairments at step two of the sequential analysis. AR 27. Plaintiff does not specifically challenge that step two determination.

Secretary as to any fact, if supported by substantial evidence, shall be conclusive[.]'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability insurance benefits are available for eligible individuals who are "under a disability." 42 U.S.C. § 423(a)(1)(E). An individual is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §423(d); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

*Id*., §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

*Id.,* §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

*Id*., §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Id*., §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation

process. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); *Bowen*, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since September 4, 2020, the alleged onset date. (AR 26).
>
> 2. [Step 2] The claimant has the following severe impairments: depression, anxiety disorder, attention deficit hyperactivity disorder (ADHD), and posttraumatic stress disorder (PTSD) (AR 27).
>
> 3. [Step 3] During the relevant time period, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (AR 28).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform nonpublic simple repetitive tasks involving only occasional interaction with coworkers and supervisors and occasional changes in the work environment (AR 29).
>
> 5. [Step 4] The claimant is unable to perform any past relevant work. (AR 33).
>
> 6. The claimant was 40 years old, which is defined as a "younger individual", on the alleged onset date. The claimant had at least a high school education (AR 33).
>
> 7. Transferability of job skills was not at issue. (AR 33).
>
> 8. [Step 5] Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could perform (20 CFR 404.1569 and 404.1569a). (AR 34).
>
> 9. The claimant has not been under a disability, as defined in the Social Security Act, from September 4, 2020, through the date of the decision. (AR 34).

## VI. ANALYSIS

Plaintiff raises four alleged points of error: 1) the ALJ improperly addressed the medical opinion evidence of Dr. Molyn; 2) the ALJ improperly discounted Plaintiff's testimony; 3) the ALJ improperly rejected lay witness testimony; and 4) the ALJ asked the VE an incomplete hypothetical question resulting in unreliable vocation testimony.[3] ECF No. 11-1 at 7. The Commissioner contends that the ALJ properly discounted Plaintiff's subjective symptom testimony. ECF No. 13 at 3-6. The Commissioner further contends that the ALJ appropriately evaluated the supportability and consistency of Dr. Molyn's opinion and found it unpersuasive. *Id*. at 7-8. Additionally, Defendant contends that the ALJ was not required to articulate reasons for discounting Plaintiff's friend's statement, but that even if he was, it was harmless error not to do so. *Id*. at 10.

### A. <u>The ALJ's Decision to Discount Plaintiff's Testimony</u>

The ALJ discounted Plaintiff's testimony, finding that her statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence of record. AR 30. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process: First the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. *Id.* (internal citations omitted).

Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." *Id.* (internal citations omitted). While an ALJ's credibility finding must be properly

[3] The Plaintiff acknowledges this is a "derivative" argument. ECF No. 11-1 at 7.

supported and sufficiently specific to ensure a reviewing court the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). In weighing a claimant's credibility, an ALJ may consider, among other things, inconsistencies either in the claimant's testimony or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Id.* at 959. "Ultimately, the 'clear and convincing' standard requires an ALJ to show his work . . . . The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). The clear and convincing standard is "not an easy requirement to meet" and the "most demanding requirement in Social Security cases." *Garrison*, 759 F.3d at 1015 (9th Cir. 2014) (citation omitted).

The ALJ summarized Plaintiff's reported limitations. AR 29-30. The ALJ then found these allegations to be "inconsistent with the treatment record, which documents conservative treatment and mild objective medical findings." AR 30. The ALJ then spent the next several paragraphs discussing the medical record wherein Plaintiff reported mild symptoms and that they were adequately controlled with medication. AR 30-31. The ALJ also discussed Plaintiff's activities of daily living ("ADLs") and that she was living independently. AR 31. The ALJ noted that Plaintiff "is able to care for herself, wash her clothes, manage her finances, interact with family and friends, shop in stores, use public transportation, and make simple meals." AR 31 *citing* AR 242-250; 385; 378. The ALJ also noted that Plaintiff reported doing "independent office contracting work" and working hard at her dog walking business. AR 31 *citing* 356, 369, 422). The ALJ found these activities supported a conclusion that Plaintiff is more functional than she claimed. AR 32.

It was appropriate for the ALJ to consider the objective medical evidence along with other evidence when evaluating the reliability of symptom testimony. 20 C.F.R. §§ 404.1529(c)(4),

416.929(c)(4). When the objective evidence is inconsistent with the claimant's subjective symptom testimony, the ALJ may discount the testimony on that basis. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.") (emphasis in original). A claimant's treatment history is also a valid consideration in evaluating subjective symptom testimony. *See* 20 C.F.R. 404.1529(c)(3); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). An ALJ may also appropriately discount subjective symptom testimony based on conservative treatment. *See Smartt*, 53 F.4th at 500 ("Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of impairment."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (a favorable response to conservative treatment undermined claimant's report of disabling pain).

The ALJ's conclusions about the medical record are well supported. Plaintiff's psychiatric treatment records consistently indicated that she was doing well with no signs of anxiety or depression. *See, e.g.,* AR 395, 398, 401, 416. In October 2023, Plaintiff reported she was "doing very well" and feeling productive, with no signs of depression or anxiety. AR 398. In November 2023, Plaintiff reported she was doing "pretty well," and her progress note stated her "behavior has been stable and uneventful and she denies any psychiatric problems or symptoms." AR 395. She also reported no side effects from her medication. AR 395. At an examination in February 2023, Plaintiff stated: "I feel good overall, my focus is good, the medication works really well. My anxiety is under control and I don't feel depressed." AR 416.

The ALJ also discounted Plaintiff's testimony as inconsistent with her activities of daily living. It was reasonable for the ALJ to find Plaintiff's daily activities inconsistent with her claims of disabling impairment. *See Smartt*, 53 F.4th at 499 (ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms") (citation and quotation omitted). "It is not the court's role to second-guess an ALJ's reasonable interpretation of a claimant's testimony." *Id.* at 500 (citation and quotation omitted). Although Plaintiff's function report included considerable limitations, Plaintiff did report that she could prepare meals, use public transportation, go grocery shopping, and manage finances. Plaintiff seemingly

reported greater abilities in her interactions with providers. Dr. Molyn's assessment states Plaintiff's "independent living skills are unimpaired" and noted that Plaintiff reports reading for fun and recreation.[4] AR 378. Dr. Ali's report reflects that Plaintiff stated that she lives alone, is capable of regular household work, and able to take care of basic hygiene without assistance. AR 385. In contrast to what she told providers, Plaintiff listed difficulties with personal care in her function report. AR 244. Although Plaintiff reported some difficulties in her daily activities, the ALJ reasonably concluded that her daily activities contradicted her claims of totally debilitating impairment. *See Smartt*, 53 F.4th at 499 ("Even if the claimant experiences some difficulty or pain, her daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'" ).

The Court finds the ALJ did not err in discounting Plaintiff's subjective symptom testimony.

**B. The ALJ's Assessment of Dr. Molyn's Opinion**

Plaintiff's other primary argument is that the ALJ erred in his evaluation of Dr. Molyn's opinion. ECF No. 11-1 at 14-17. With respect to medical opinions, consideration of them is governed by the regulations effective in 2017, which changed the framework for evaluation of medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The regulations provide that the ALJ will no longer "give any specific evidentiary weight ... to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness. Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b); *see also Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) ("For claims subject to the new regulations, the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship

[4] In contrast, Plaintiff's function report listed as hobbies reading and writing, but stated she did not do them at all anymore. AR 247.

with the claimant—no longer applies. Now an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

The factors for evaluating the persuasiveness of a physician opinion include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The new regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence. *Id.* In sum, the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Dr. Molyn conducted a psychiatric evaluation of Plaintiff in April 2022. AR 377. Plaintiff reported that she had PTSD and depression for over 20 years and that her "greatest difficulty" was that its hard to be around people and to focus. AR 378. Dr. Molyn's notes indicate that Plaintiff was pleasant, open and cooperative, and that her "stream of conversation was goal oriented and linear." AR 378-79. He found that Plaintiff had "no deficits in intellectual functioning." AR 379. The ALJ summarized Molyn's conclusions as to limitations as follows:

> Consultative psychologist Dr. Molyn opined the claimant was unimpaired in her ability to

> carry out short and simple as well as detailed or complex instructions. She was moderately impaired in her ability to interact and respond appropriately to coworkers, supervisors and the public. She was not impaired in her ability to respond to usual work situations. She had an unspecified impairment in her ability to deal with changes in a routine work setting, normal hazards and public transportation. She was markedly impaired in her ability to maintain attention, concentration, and persistence without supervision. AR 32.

The ALJ considered Dr. Molyn's 2022 opinion and concluded his assessment of a marked limitation in attention, concentration and persistence was not persuasive because it was not supported by Dr. Molyn's own findings on examination. AR 32. The ALJ also found his opinion inconsistent with other treatment records and with the state agency psychological findings. AR 31-32. Dr. Molyn's conclusion of a marked limitation was unsupported by his own findings. He assessed that Plaintiff's ability "to understand, remember, and carry out detailed or complex instructions appears to be unimpaired." AR 380. However, then without adequate explanation, Dr. Molyn also wrote: "Her ability to maintain attention, concentration, and persistence without supervision appears to be markedly impaired." AR 380. Plaintiff's counsel recognized this "inherent inconsistency" and requested that Dr. Molyn be served an interrogatory to clarify. AR 308. A request was made to Dr. Molyn for additional information, and he declined. AR 565.

The ALJ's conclusion that Dr. Molyn's opinion was inconsistent with other evidence of record is also well supported. *See for example* AR 348 (concentration and memory intact); AR 351 (concentration described as "attentive"); AR 369 (concentration and memory intact); AR 371 (same). Also, as discussed above, at an examination in February 2023, Plaintiff stated: "I feel good overall, my focus is good, the medication works really well." AR 416. Additionally, the ALJ's finding that Dr. Molyn's assessment of a "marked" limitation was inconsistent with the findings of the state agency consultants is supported. *See* AR 66 (finding moderate limitation in ability to maintain attention and concentration for extended periods).

The ALJ considered Dr. Molyn's opinion, considered the supportability and consistency of Dr. Molyn's opinion, and Plaintiff has not demonstrated error in the ALJ's evaluation. The ALJ's conclusion is supported by substantial evidence.

**C. Other Issues**

Plaintiff argues the ALJ erred in not giving germane reasons for rejecting the lay witness

evidence of Plaintiff's friend, Quadrillion Brown ("Brown"). ECF No. 11-1 at 21-22. The information from Brown comes from a third party function report completed on January 30, 2022. AR 233-241. Plaintiff also completed a function report on the same date. AR 242-250. The two function reports describe similar limitations. The ALJ discussed Brown's statement as follows: "Quadrillion Brown, the claimant's friend, completed a third party Function Report form that is generally consistent with the claimant's statements that she has difficulty focusing, concentrating and getting along with others due to her mental health symptoms." AR 30.

Plaintiff argues that the ALJ was required to articulate germane reasons for rejecting Brown's statement. Defendant argues that after the 2017 changes to the Regulations, the ALJ is no longer required to articulate any reason for rejecting a lay opinion. ECF No. 13 at 10 citing 20 C.F.R. § 404.1520c(d) and *Kennedy v. O'Malley*, No. 22-35866, 2024 WL 242992, *2 (9th Cir. Jan. 23, 2024). Although *Kennedy* can serve as persuasive authority, it appears the Ninth Circuit has not addressed, in a published decision, whether the 2017 regulations, and specifically 20 C.F.R. § 404.1520c(d), has supplanted the "germane reasons" standard for evaluating lay witness testimony. For a brief period of time, it appeared the issue had been definitively decided. In *Hudnall v. Dudek*, 130 F.4th 668, 671 (9th Cir. 2025), the Ninth Circuit addressed this issue in a published decision and concluded: "Thus, our 'germane reasons' precedent no longer applies to claims filed on or after March 27, 2017, and in considering such claims, ALJs need not explain their reasons for discounting evidence from nonmedical sources, such as the claimant's friends and family." However, in response to a petition for rehearing and rehearing en banc, the opinion was withdrawn and replaced with an unpublished memorandum disposition. *See Hudnall v. Dudek*, No. 23-3727, 2025 WL 1379101 (9th Cir. May 13, 2025). This subsequent unpublished decision left the issue undecided, and found that any error in failing to provide germane reasons was harmless error.

The ALJ did not ignore Brown's statement. The ALJ considered it, and noted it was "generally consistent with" Plaintiff's statements concerning her limitations. AR 30. There was no harmful error in the ALJ not providing further articulation, or germane reasons, for why

Brown's statement was discounted. Because the function reports were similar and as discussed *supra* the ALJ appropriately discounted Plaintiff's subject symptom allegations, there is no harmful error. *See Hudnall v. Dudek*, 2025 WL 1379101 at *2 ("Where the ALJ 'has provided well-supported grounds for rejecting testimony regarding specified limitations, we cannot ignore the ALJ's reasoning and reverse the agency merely because the ALJ did not expressly discredit each witness who described the same limitations.'") (citing *Molina v. Astrue*, 674 F.3d 1104, 1121).

Plaintiff's final argument is the admittedly "derivative" argument which contends that the ALJ should have included additional limitations in the hypothetical question to the VE. ECF No. 11-1 at 23. Notably, Plaintiff does not specify what additional limitations should have been included. Instead, Plaintiff states that the hypothetical should have included her "credible allegations," the limitations described by Brown, and "the limitations assessed by [Plaintiff's] examining providers." *Id.* As the Court has already determined that the ALJ appropriately found portions of Dr. Molyn's opinion unpersuasive and appropriately discounted Plaintiff's subjective symptom testimony, there is no error in not including additional limitations in the RFC.

## VII. CONCLUSION

Accordingly**, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is DENIED;
2. Defendant's cross-motion for summary judgment (ECF No. 13) is GRANTED; and
3. The Clerk of the Court shall enter judgment in favor of the Commissioner and close this case.

SO ORDERED.

DATED: September 8, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE